IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

ERIC NGALA )
6927 Heidelburg Road )
Lanham, MD 20706 )
)
)
              Plaintiff )
)
v. ) C.A. No. 2022 CA 001979 V
)
WASHINGTON METROPOLITAN AREA TRANSIT )
   AUTHORITY )
600 Fifth Street, N.W. )
Washington, DC 20001 )
Serve: )
Patricia Lee )
General Counsel )
600 Fifth Street, N.W. )
Washington, DC 20001 )
)
             Defendant )
)

## COMPLAINT

COMES NOW the Plaintiff, Eric Ngala, by and through his attorney, Alan J. Lander, and brings this action against the Defendant Washington Metropolitan Area Transit Authority, and in support states as follows:

## COUNT I

1. That Plaintiff, Eric Ngala, is an adult citizen of the United States and a resident of Maryland.

2. That Defendant, Washington Metropolitan Area Transit Authority, (hereinafter referred to as "WMATA") is a company is licensed to do business in the District of Columbia, regularly conducts business in the District of Columbia, and was so conducting business on or about June 20, 2019.

3. That this Court has jurisdiction pursuant to Section 11-921 of the Code of the District of Columbia.

3. That on or about June 20, 2019, the Plaintiff, Eric Ngala, was a passenger on a MetroAccess vehicle. The bus owned and/or operated by an employee/agent of the defendant. The vehicle operator was attempting to get to the intersection of Benning Road and 17th St. NE to make the traffic light when suddenly, and without warning, slammed on the brakes. The unusual suddenness and force of the vehicle stopping as it did, caused the Plaintiff to jerk forward in his seat, causing an injury.

4. That at all times herein, the bus involved in this accident was owned and/or operated by the defendant, and the driver of the bus was acting within the scope of his employment as a bus driver with the defendant and was acting as an agent of the defendant when the accident that is subject matter of this litigation occurred.

5. That the Defendant WMATA, and its employee or agent operated said vehicles in such a careless and reckless causing injury to Plaintiff.

6. That it was then and there the duty of Defendant's employee/agent of, to use due care to watch where he/she was driving, to maintain a proper lookout, to obey the traffic laws and rules of the road of the District of Columbia, to maintain a proper speed for the conditions present, to reduce speed to avoid the accident, to maintain control of his/her vehicle, to pay full time and attention, to stop his/her vehicle in order to avoid a collision, and to yield the right of way, particularly with regard to Plaintiff, Eric Ngala.

7. That the employee/agent of the Defendant, WMATA, then and there breached that duty of due care by failing to watch where they was driving, failing to maintain a proper lookout, failing to obey the traffic laws and rules of the road of the District of Columbia, failing

to maintain a proper speed for the conditions present, failing to reduce speed to avoid an accident, failing to control his/her vehicle in order to avoid a collision, failing to use due care, failing to yield the right of way, failing to maintain valid insurance on his/her vehicle, particularly when he caused the collision which ensued with Plaintiff's vehicle. At no time was the Plaintiff contributorily negligent and he had no opportunity to avoid the accident.

8. That said negligence on the part of the Defendant, WMATA, and its agent and employees was the actual and proximate cause of the collision. The said collision was the actual and proximate cause of the injuries and damages which occurred to Plaintiff, Eric Ngala, on the date aforesaid.

9. That as a direct and proximate result of the negligence of the Defendant, Plaintiff has suffered and will continue to suffer in the future severe physical injuries and mental anguish. Additionally, Plaintiff has expended and will continue to expend in the future vast sums for medical care and treatment, medicines, nursing service, physical therapy, and other protracted medical-related attention. Further, the Plaintiff has lost extensive wages and will continue to lose such wages in the future and thus presents a claim for earnings loss and loss of earning capacity. The Plaintiff is unable to perform his normal household duties, and thus makes a claim for loss of home services. Finally, the Plaintiff incurred property damage. All the above damages were directly and proximately caused by the aforementioned negligence of the Defendant and were incurred without contributory negligence on the part of the Plaintiff or an opportunity for the Plaintiff to avoid the collision.

WHEREFORE, the Plaintiff, Eric Ngala, demands judgment against the Defendant, Washington Metropolitan Area Transit Authority, in the amount of Twenty-Five Thousand ($25,000.00) plus costs.

/s/ Alan J. Lander
Alan J. Lander, Esq., #973604
8401 Corporate Drive
Suite 620
Landover, MD 20785
301-459-2223
alander@landerlawfirm.com

4

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ERIC NGALA )<br><br>Plaintiff )<br><br>vs. )<br><br>WASHINGTON METROPOLITAN AREA TRANSIT )<br>AUTHORITY )<br><br>Defendants ) | CAL No. **2022 CA 001979 V** |

REQUEST FOR JURY TRIAL

Plaintiff, by his attorney, Alan J. Lander, hereby request a trial by a six-person jury in the above-captioned matter.

/s/ Alan J. Lander
Alan J. Lander, Esq., #973604
8401 Corporate Drive
Suite 620
Landover, MD 20785
301-459-2223
alander@landerlawfirm.com

5